IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DONA HAYNES**                                                                 **PLAINTIFF**

**VS.**                                                                         **CASE NO.** 1:24cv177LG-BWR

**THE UNITED STATES OF AMERICA**                                                **DEFENDANT**

## COMPLAINT

**COMES NOW,** the Plaintiff Dona Haynes (hereinafter referred to as "Dona"), by and through legal counsel, who hereby files this Complaint against the Defendant, the United States of America, and in support thereof would show unto the Court as follows, to wit:

### PARTIES

1. Dona is an adult resident citizen of Harrison County, Mississippi and can be served with process at 32 Greenbriar Drive, Gulfport, Mississippi 39507.

2. The Defendant is the United States of America.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims at issue in this Complaint and personal jurisdiction over the parties to this action pursuant to 28 U.S.C.A. §§ 1331, 1340, and 1346, as well as I.R.C. § 7422.

4. 28 U.S.C.A. § 1346 provides that the District Courts shall have original jurisdiction of any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws. I.R.C. § 7422 provides that the District Courts shall have original

jurisdiction of civil actions against the United States of America for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected.

5. As set forth below, Dona asserts that the Internal Revenue Service ("IRS") has erroneously and illegally assessed and collected payroll taxes and penalties from her, and that she is entitled to a refund of the payroll taxes paid under protest, in addition to the payments made through her prior installment agreement, the credits to her account from tax refunds on her income tax returns, the amounts levied from her social security payments, and the amounts levied from various bank accounts.

6. Venue is proper pursuant to 28 U.S.C.A. 1402.

## STATEMENT OF FACTS

7. J. H. Haynes Electric Company, Inc. was a Mississippi corporation owned and operated by Jay Haynes, Sr.

8. Upon Jay Haynes, Sr.'s death, his ownership in the company was transferred to Dona, his wife.

9. The IRS erroneously determined that Dona was a responsible person for trust fund taxes owed by J. H. Haynes Electric Company pursuant to I.R.C. § 6672.

10. In an effort to stay enforced collection action and cooperate with the IRS in paying the trust fund taxes, Dona entered into an installment agreement with the IRS on December 20, 2016, whereby Dona paid the IRS $1,000 a month.

11. Payments were automatically drafted out of Dona's bank account each month by the IRS for the above-referenced installment agreement.

12. On June 28, 2018, the IRS attempted to draft the entire balance owed for all relevant tax periods from Dona's bank account at once, an amount in excess of $800,000.

13. As can be expected, this payment was "dishonored", as there were insufficient funds in Dona's bank account.

14. The IRS then arbitrarily and improperly terminated Dona's installment agreement and charged her with numerous penalties for "dishonored payments".

15. Dona filed several IRS Form 843, Claim for Refund and Request for Abatement forms together with the IRS on May 9, 2018, along with a supporting legal memorandum.

16. As set out in the above-referenced legal memorandum, Dona argues that the IRS erred in determining she was a responsible person for the trust fund taxes owed by J. H. Haynes Electric Company, as she does not meet the requirements set out in I.R.C. § 6672.

17. Dona requested a refund of the payroll taxes paid under protest and for a determination that she was not a responsible person for the subject payroll taxes under I.R.C. § 6672.

18. The tax periods and amounts paid with each IRS Form 843 is summarized below:

| Tax Period | Amount Paid Under Protest |
| --- | --- |
| January to March, 2012 | $28.19 |
| July to September, 2012 | $151.17 |
| October to December, 2012 | $267.11 |
| January to March 2013 | $90.02 |
| April to June 2013 | $36.73 |
| July to September 2013 | $43.69 |
| October to December, 2013 | $128.46 |
| January to March, 2014 | $66.80 |

    April to June, 2014        $19.91

    July to September 2014      $107.48

19. Dona never received a refund from the IRS for the above-referenced taxes paid under protest, nor did Haynes ever receive any correspondence in response to her claim for refund.

20. Without the guidance and expertise of Jay Haynes, Sr., J. H. Haynes Electric Company could not continue operating and the company filed for a judicial dissolution in the Harrison County Chancery Court.

21. The IRS was a named creditor in the judicial dissolution of J. H. Haynes Electric Company; however, the IRS failed to meaningfully pursue its claim in said judicial dissolution, and instead improperly continued to pursue enforced collections against Dona personally.

22. Dona has continuously attempted, in good faith, to establish a collection alternative with the IRS for the subject payroll taxes; however, the IRS has continued to maintain improper collection actions against Dona personally, including, but not limited to, significant levies of her personal assets.

23. With nowhere left to turn due to the continued and improper collection efforts of the IRS, Dona filed suit against the Defendant on November 5, 2021, seeking a refund of the payroll taxes paid under protest in her original claim for refund, in addition to any payments, credits, or any other funds otherwise applied towards the erroneous civil penalties assessed against her personally (cause no. 1:21-cv-00347-HSO-RHWR).

24. However, it was eventually determined by the parties that there was a question as to whether or not the Court had subject matter jurisdiction over the case, as the IRS had no record of receiving Dona's original claim for refund.

25. As such, the parties reached an agreement wherein Dona agreed to voluntarily dismiss her case, without prejudice, in order to file another administrative claim for refund with the IRS so as to ensure the Court will have subject matter jurisdiction should Dona have to refile her case against the Defendant.

26. Dona's case was dismissed pursuant to a stipulation of dismissal on March 28, 2023.

27. Dona promptly filed a new administrative claim for refund with the IRS on April 27, 2023, a copy of which has been attached hereto as **EXHIBIT A**.

28. The tax periods and amounts paid with each IRS Form 843 is summarized below:

| Tax Period | Amount Paid Under Protest |
|---|---|
| April to June 2013 | $36.73 |
| July to September 2013 | $43.69 |
| October to December, 2013 | $128.46 |
| January to March, 2014 | $66.80 |
| April to June, 2014 | $19.91 |
| July to September 2014 | $107.48 |

29. Eventually, after considerable time, the IRS responded to Dona's new administrative claim for refund on February 9, 2024, and assigned the case to Bart A. Hill with the Independent Office of Appeals for possible settlement. A true and correct copy of said correspondence has been attached hereto as **EXHIBIT B**.

30. A conference was held with Mr. Hill on March 13, 2024 to discuss the possible settlement of this matter.

31. Mr. Hill requested additional documentation concerning Dona's allegations that the IRS did not meaningfully pursue its claim in the judicial dissolution of J.H. Haynes Electric Company,

and said documents were promptly provided on April 4, 2024. A true and correct copy of said correspondence has been attached hereto as **EXHIBIT C**.

32. Ultimately, the IRS erroneously denied Dona's new claim for refund on June 4, 2024, simply alleging that Dona was indeed a responsible person who willfully failed to pay over the trust fund taxes in question. A true and correct copy of said correspondence has been attached hereto as **EXHIBIT D**.

33. In the above-referenced June 4, 2024 correspondence, no supporting facts or other information was identified in support of the allegation that Dona was a responsible person who willfully failed to pay over the trust fund taxes in question.

34. In light of the above, Dona hereby files this suit against the Defendant again, now that subject matter jurisdiction has clearly been perfected.

## I.R.C. § 7422 CLAIM FOR REFUND

35. Dona incorporates all other paragraphs into this section.

36. Dona argues that the IRS erred in its determination that she was a responsible person under I.R.C. § 6672 for the subject payroll taxes.

37. Dona argues that the IRS also therefore has engaged in improper and unlawful enforced collection actions in attempting to collect the subject payroll taxes from her.

38. Dona therefore argues that she is entitled to a refund of the payroll taxes she paid under protest, in addition to all other voluntary and involuntary payments made towards the subject payroll taxes (this includes monthly installment agreement payments, credits from tax refunds, levies on social security, and levies on bank accounts).

39. Dona argues she is entitled to a total refund claim of at least $191,574.32, such amount being comprised of all the voluntary and involuntary payments identified above.

and said documents were promptly provided on April 4, 2024. A true and correct copy of said correspondence has been attached hereto as **EXHIBIT C**.

32. Ultimately, the IRS erroneously denied Dona's new claim for refund on June 4, 2024, simply alleging that Dona was indeed a responsible person who willfully failed to pay over the trust fund taxes in question. A true and correct copy of said correspondence has been attached hereto as **EXHIBIT D**.

33. In the above-referenced June 4, 2024 correspondence, no supporting facts or other information was identified in support of the allegation that Dona was a responsible person who willfully failed to pay over the trust fund taxes in question.

34. In light of the above, Dona hereby files this suit against the Defendant again, now that subject matter jurisdiction has clearly been perfected.

## I.R.C. § 7422 CLAIM FOR REFUND

35. Dona incorporates all other paragraphs into this section.

36. Dona argues that the IRS erred in its determination that she was a responsible person under I.R.C. § 6672 for the subject payroll taxes.

37. Dona argues that the IRS also therefore has engaged in improper and unlawful enforced collection actions in attempting to collect the subject payroll taxes from her.

38. Dona therefore argues that she is entitled to a refund of the payroll taxes she paid under protest, in addition to all other voluntary and involuntary payments made towards the subject payroll taxes (this includes monthly installment agreement payments, credits from tax refunds, levies on social security, and levies on bank accounts).

39. Dona argues she is entitled to a total refund claim of at least $191,574.32, such amount being comprised of all the voluntary and involuntary payments identified above.

## **PRAYER FOR RELIEF**

**WHEREFORE**, **PREMISES CONSIDERED,** Dona hereby requests that this Court order the IRS to refund the payroll taxes paid under protest and the payroll taxes improperly collected by the IRS, issue a determination that Dona is not a responsible person as set out under I.R.C. § 6672 and therefore not liable for the payroll taxes in question, and any other damages Dona may be entitled to, together with all costs, attorney's fees, and pre-judgment and post-judgment interest.

**RESPECTFULLY SUBMITTED,** this the 12th day of June, 2024.

                                              **DONA HAYNES**

                                              James G. McGee, Jr. (MSB #102385)
                                              McGee Tax Law, PLLC
                                              125 S. Congress St.
                                              Capital Towers, Suite 1240
                                              Jackson, Mississippi 39201
                                              Telephone: (601) 965-6155
                                              Facsimile: (601) 965-6166
                                              jmcgee@mcgeetaxlaw.com
                                              COUNSEL FOR PLAINTIFF